**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 26-cv-5470-WJM

SERGIO MAURICIO RODRIGUEZ ALVAREZ,

Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, *et al*.

Respondents.

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Before the Court is Petitioner Sergio Mauricio Rodriguez Alvarez's Petition for Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2241 ("Petition"). (ECF No. 1.) Respondents Markwayne Mullin, in his official capacity as Secretary of U.S. Department of Homeland Security ("DHS"); David Venturella, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE"); and Juan Baltazar, in his official capacity as Warden of the Denver Contract Detention Facility (collectively, "Respondents" or "the Government") filed a cursory response. (ECF No. 7.) The Court did not order a reply.

For the following reasons, the Petition is granted.

## I. BACKGROUND

This case presents an all-too-familiar fact pattern. Rodriguez Alvarez is an asylum seeker from Colombia. (ECF No. 1 at 4–5.) On April 14, 2023, he entered the United States without being admitted or paroled. (*Id.*) He was detained by immigration authorities

and released on his own recognizance. (*Id.*) Five days later, DHS issued him a Notice to Appear and charged him as removable under the Immigration and Nationality Act ("INA") as an individual present in the United States without being admitted or paroled. (*Id.* at 5.)

In September 2026, ICE detained Rodriguez Alvarez. (*Id.*) He is "currently in removal proceedings before the Immigration Court," and is awaiting a hearing scheduled for December 7, 2026. (*Id.*)

## II. LEGAL STANDARD

"Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004.) More specifically, 28 U.S.C. § 2241 "confers jurisdiction upon the federal courts to hear [such cases." *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3) (authorizing any person to claim in federal court that they are being held "in custody in violation of the Constitution or laws . . . of the United States")). "The fundamental purpose of a § 2241 habeas proceeding is the same as that of § 2254 habeas and § 2255 proceedings: they are an 'attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.' " *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

## III. ANALYSIS

Rodriguez Alvarez challenges the legality of his detention under the INA.

### A. Section 1225 and 1226

In his single claim for relief, Rodriguez Alvarez contends that Respondents' invocation of § 1225 is unlawful because Respondents detained him again after more than three years after his entry. (ECF No. 1 at 8.) He maintains that § 1226, not § 1225,

governs his detention. (*Id.* at 5–6.) Respondents responded without addressing this claim, instead declining to "submit[] a brief in opposition to the Petition detailing the facts and circumstances of this case." (ECF No. 7 at 1.) In any case, the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) leaves little to debate. Rodriguez Alvarez is correct.

In *Santillan Quiroz*, the Tenth Circuit considered "whether § 1225(b)(2)(A) or § 1226(a) applie[d]" to a § 2241 petitioner who entered the United States "[t]wo decades ago" and had "lived here ever since." *Id.* at 1235, 1233. Ultimately, it held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually[1] subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. The Tenth Circuit based its holding in significant part on its interpretation of the phrase "seeking admission," as it is used in § 1225(b)(2)(A). *Id.* at 1237–40. It reasoned: "A person cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered." *Id.* at 1239. Thus, "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Id.* By extension, "§ 1225(b)(2)(A) is likewise limited to the border." *Id.*

The material facts here are indistinguishable from those summarized in *Santillan Quiroz*. Like the § 2241 petitioner in that case, Rodriguez Alvarez had already entered the United States—notably after Respondents had already released him on his own recognizance shortly after entry—when he was detained in September 2026. Accordingly,

[1] The Tenth Circuit's holding is qualified only by the fact that "[s]ome noncitizens who are arrested in the interior may be subject to § 1225(b)(1)(A)." *Id.* at 1237 n.6. But, as in *Santillan Quiroz,* "[t]here is no argument here that § 1225(b)(1)(A) applies to [Rodriguez Alvarez]." *Id.*

§ 1226(a)—not § 1225(b)(2)(A)—applies to Rodriguez Alvarez.

**B. Remedy**

The Government declined to substantively address Rodriguez Alvarez's claims. (ECF No. 7 at 1.) It even concedes that "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." (*Id.* (emphasis in original).) Rodriguez Alvarez, however, asks the Court to "[o]rder Respondents to provide Petitioner with an individualized bond hearing before an immigration judge." (ECF No. 1 at 9.) In the alternative, he asks for "immediate release from custody if Respondents fail to provide a bond hearing within the time prescribed by this Court." (*Id.*)

In the Court's view, a bond hearing will not serve as adequate relief. This Court has already written of its "concern[] that the immigration courts are not affording immigrants fair bond hearings," as "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons,* 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2026); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4–*5 (D. Colo. Apr. 22, 2026) (concluding "the IJ deprived [petitioner] of his due process rights" by issuing a bond decision that was "wholly bereft of any analysis whatsoever"). Indeed, courts across the country have, with increasing frequency, ceased "order[ing] even initial bond hearings in cases like this one involving unlawful detention under § 1225(b) because Respondents' conduct can no longer be attributed to mere negligence or ineptitude, . . . and doing so would effectively allow the Government to transform an unlawful detention into a lawful one through *post-hoc* justifications." *Zheng v. Rokosky,* 826 F. Supp. 3d 545, 563 (D.N.J. 2026) (collecting cases).

Given this reality, the Court will order Rodriguez Alvarez's immediate release.

## IV. CONCLUSION

For all these reasons, the Court ORDERS as follows:

1. The Court's Order to Show Cause (ECF No. 4) is MADE ABSOLUTE and Rodriguez Alvarez's Petition (ECF No. 1) is GRANTED on his single claim for relief;

2. **By no later than tomorrow, November 6, 2026,** Respondents shall IMMEDIATELY RELEASE Rodriguez Alvarez on his own recognizance, along with all his personal belongings, subject only to the conditions of his pre-existing conditional parole**.** **No additional conditions of release shall be imposed on Rodriguez Alvarez by Respondents**. Respondents shall further facilitate Rodriguez Alvarez's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address,

3. Respondents are ENJOINED from re-arresting or re-detaining Rodriguez Alvarez unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, Respondents shall bear the burden of proof, and Rodriguez Alvarez shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

4. During such periods of time as Rodriguez Alvarez remains in Respondents' custody, they shall continue to be ENJOINED from removing, transferring, or causing the removal or transfer of, Rodriguez Alvarez from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

5. Should Rodriguez Alvarez believe he has a good faith basis to seek attorney's fees pursuant to the Equal Access to Justice Act, he is GRANTED leave to file a motion seeking the same, along with all supporting documentation, by no later than **December 3, 2026**. Respondents shall file a response by no later than **December 24, 2026**, and Rodriguez Alvarez shall file a reply by no later than **January 7, 2027**; and

6. Judgment shall enter in Rodriguez Alvarez's favor and against Respondents on **November 19, 2026,** UNLESS prior thereto the Court is informed that Respondents have failed to fully and timely comply with the terms of this Order.

Dated this 5th day of November, 2026.

BY THE COURT:

William J. Martínez
Senior United States District Judge